IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY D. GLADFELTER, | ) | |
| | ) | |
| Petitioner, | ) | 8:18CV306 |
| | ) | |
| v. | ) | |
| | ) | |
| DR. MARK FOXHALL, and | ) | MEMORANDUM AND ORDER |
| DOUGLAS COUNTY | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Respondents. | ) | |

After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss this 28 U.S.C. § 2241 petition[1] without prejudice.

Gladfelter is awaiting a hearing on a second amended petition for an offender under supervision in this court in case number 8:97-cr-00129. Allegation four of the second amended petition (filing no. 113) alleges he violated state law by committing Strangulation, a Class IIIA Felony. The state case is pending in Douglas County, Nebraska.

When summarized and condensed for clarity, Gladfelter asserts his rights under the Double Jeopardy Clause are being violated because he faces revocation of supervised release in the federal case based upon the same conduct for which he is facing state prosecution, to wit: Strangulation. He is wrong. The Double Jeopardy Clause does not apply in this situation. *See, e.g., United States v. Soto-Olivas*, 44 F.3d

---

[1] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section 2241 petition. *See also* 28 U.S.C. § 2243.

788, 789 (9th Cir. 1995) (Double Jeopardy Clause does not preclude criminal prosecution for conduct which also serves as the basis for supervised release revocation).

Although Petitioner sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*. The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition for writ of habeas corpus (filing no. 1) is denied and dismissed without prejudice. No certificate of appealability has been or will be issued. Judgment will be entered by separate document.

DATED this 26th day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge